CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 27 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CATHY BEAMER,<br>  Plaintiff, | )<br>)<br>)  Civil Action No. 7:06cv00454 |
| v. | )<br>)<br>)  **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br>  Defendant | )<br>)<br>)<br>)  By: Hon. James C. Turk<br>)    Senior United States District Judge |

*Raleigh Minor Cooley, for Plaintiff; Sara Bugbee Winn, Assistant United States Attorney, for Defendant*

  This case presently is before the court on Plaintiff's objections to the Report and Recommendation of the presiding Magistrate Judge. The Court referred the matter to the Magistrate Judge for proposed findings of fact, conclusions of law, and a recommended disposition. See 28 U.S.C. § 636(b)(1)(B) (2000). The Magistrate Judge returned his Report and Recommendation on April 25, 2007, recommending that the court affirm the final decision of the Commissioner. Having performed a de novo review, the court shall accept the Magistrate Judge's Report and Recommendation and affirm the final decision of the Commissioner.

## I. Factual History

  The plaintiff, Cathy Beamer, was born on March 9, 1959. (Administrative Record ("R.") at 18). She obtained her General Equivalency Degree in 1990, completed one college course, and then completed a Certified Nursing Assistant program in 1991. (R. 171). Beamer's most recent previous work includes that of a certified nursing assistant, a clerk at a general store, and a flagger for the Virginia Department of Transportation. (R. 91). On November 23, 2004, Beamer applied to the Social Security Administration for disability insurance benefits under Section 223

of the Social Security Act ("Act"). (R. 86). See 42 U.S.C. § 423 (2000). Beamer alleges that she became disabled and unable to work on July 1, 2004 due to diabetes, bipolar disorder, fibromyalgia, carpel tunnel syndrome, back problems, acid reflux, and abdominal pains. (R. 231-32, 262, 266). Under the Act, an individual is entitled to benefits if she is insured for disability insurance benefits, has not attained retirement age, has filed an application for disability insurance benefits, and is under a disability. 42 U.S.C. § 423(a). "Disability" is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Beamer's application was denied initially and upon reconsideration, and the plaintiff requested an administrative hearing.

Following an administrative hearing on March 7, 2006, in a decision eventually adopted as the final decision of the Commissioner, an Administrative Law Judge ("ALJ") found that the plaintiff met the requirements for insured status on the date of her alleged disability through June 30, 2008. (R. 18). The ALJ proceeded to determine whether the plaintiff was disabled during the relevant period, pursuant to the sequential five-step process outlined in the Code of Federal Regulations. 20 C.F.R. § 404.1520(a)(4) (2007). Under the Regulations, an ALJ must consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has a listed impairment that makes her disabled as a matter of law, (4) can return to past work, and if not, (5) retains the capacity to perform specific jobs that exist in significant numbers in the national economy. Id. The claimant bears the burden of production and proof during the first four steps of the inquiry. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). At the fifth step, the burden

shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. Id. at 35. When a decision is made at any step that the claimant is either disabled or not disabled, then the review need not continue to the next step. 20 C.F.R. § 404.1520(a).

Based on the testimony presented at the hearing, including that of a Vocational Expert ("VE"), the ALJ concluded that the claimant retained the residual functional capacity to perform a significant amount of work at the light level of exertion, including her past relevant work. (R. 22-24). To reach this conclusion, the ALJ determined that the claimant had not engaged in substantial gainful activity at any time relevant to the ALJ's decision, and that the claimant had severe impairments consisting of status-post carpal tunnel syndrome, anxiety disorder, depressed mood, and bipolar disorder. (R. 18). The ALJ found, however, that the claimant's impairments did not meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 21). The ALJ also determined that the claimant's statements concerning her impairments and their impact on her ability to work were not entirely credible, and that the claimant's past relevant work as a flagger did not require the performance of work functions precluded by her medically determinable impairments. (R. 22-24). Accordingly, the ALJ concluded that Beamer was not disabled under the Act, and not entitled to the benefits sought. (R. 24).

Beamer appealed to the Social Security Administration's Appeals Council, which denied her request for review of the ALJ's decision. (R. 7-12). This denial became the Commissioner's final decision, 20 C.F.R. § 404.981, 416.1481, which was appealed to this court pursuant to 42 U.S.C. § 405(g).

The matter was referred to the Magistrate Judge to set forth findings, conclusions, and

recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On April 21, 2007, the Magistrate Judge found that substantial evidence supported the ALJ's decision and recommended that the Court affirm the Commissioner's final decision.

Beamer raises four objections to the Magistrate Judge's Report and Recommendation, pursuant to Federal Rule of Civil Procedure 72(b). First, she contends that the Commissioner improperly found that Beamer's past relevant work as a flagger constituted substantial gainful activity. Second, Beamer argues that the Commissioner's decision is not supported by substantial evidence because he discounted the VE's testimony in response to a hypothetical question based on Beamer's subjective complaints. Finally, she argues that the Commissioner erred in finding that Beamer's obesity does not prevent her from doing her past relevant work as a flag person. These objections shall be addressed in turn.

## II. Standard of Review

The Court subjects the proposed findings and recommendations of the Magistrate Judge to de novo review. 28 U.S.C. § 636(b)(1). The Court must determine whether the Commissioner's findings are supported by substantial evidence, and whether the correct legal standards were applied. 42 U.S.C. § 405(g); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

As the presiding officer at the administrative hearing, the ALJ makes factual determinations and resolves evidentiary conflicts. Hays, 907 F.2d at 1456. The Court gives deference to the ALJ's factual determinations and reviews them only for clear error. Estep v. Richardson, 459 F.2d 1015, 1017 (4th Cir. 1972); Woody v. Barnhart, 326 F.Supp. 2d 744, 748 (W.D. Va. 2004). Substantial evidence is defined as "such relevant evidence as a reasonable

4

mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

### III. Discussion

Beamer's first objection is that the Commissioner improperly found that Beamer's past relevant work as a flagger constituted substantial gainful activity. She argues that the ALJ was required to average her monthly earnings from her seasonal job and apply the earnings guideline from 2004, the year of her alleged onset of disability, to determine whether her earnings were substantial and gainful. Under the Regulations, however, the relevant time period for determining whether employment earnings are sufficient to qualify as substantial and gainful is the year in which they were earned. 20 C.F.R. §§ 404.1574(b)(2); 416.974(b)(2); Social Security Ruling ("SSR") 83-35, 1983 WL 31257, at *1.

Beamer worked as a flagger in 1996 and 1997. For employment to qualify as substantial gainful activity in 1996 and 1997, a claimant must have earned at least $500.00 per month, during the months in which she was actually employed.[1] 20 C.F.R. §§ 404.1574(b)(2); 416.974(b)(2). Although there is some discrepancy as to what Beamer was actually paid as a flagger, she concedes that she worked full-time, making at least $5.00 per hour. (R. at 173, 175, 469). This amounts to gross earnings of $800.00 per month and thus, qualifies as substantial gainful employment.[2]

---

[1] Earnings are generally averaged over the actual period of time in which work was performed. SSR 83-85, at *1. The only exception to this general rule was for seasonal work, earnings from which were averaged over the entire year. In 1983, this exception was abandoned, so that seasonal earnings, like other earnings, are averaged only over the period of time in which work was performed. Id.

[2] Beamer conceded that she worked forty (40) hours per week, earning at least five dollars per hour. Assuming that there are four weeks per month, and using the following equation, Beamer earned at least $800 per month.

5

Beamer next argues that the Commissioner's decision is not supported by substantial evidence because the ALJ discounted the VE's testimony in response to a hypothetical question based on Beamer's subjective complaints of debilitating panic attacks.[3] An ALJ, however, "is not required to credit a VE's response to a hypothetical question where such testimony is predicated solely on a plaintiff's subjective complaints." Manring v. Barnhart, No. 2:05CV00058, 2007 WL 201081, at *6 (W.D. Va. Jan. 25, 2007); Craigie v. Bowen, 835 F.2d 56, 57-58 (3d. Cir.1987).

As the Magistrate Judge correctly observed, there is no evidence in Beamer's medical records that would support a finding that she suffers from regular panic attacks, much less panic attacks so frequent or severe as to render her unable to work. Rather, the medical records indicate that Beamer's mental condition is stable and that her symptoms are well-controlled with medication and do not impact her functional ability. In fact, as the Magistrate Judge observed, the only evidence supporting Beamer's claim that she suffers from disabling panic attacks is a statement by Dr. Rana, a treating physician, that he recommended to Beamer that she apply for disability based on either her psychiatric problems or medical problems. (R. 226). This statement, however, is inconsistent with both Dr. Rana's treatment notes[4] and the record as a

---

[3] At the hearing, the ALJ asked the VE the following question:
Let's assume, in addition, this individual has episodic panic attacks, a panic disorder. This would rule out in my opinion all driving, all hazardous machines, balancing at heights, work in the public areas, and conversely from what she's testified here, working in small confined areas. . . . Would that rule out the past work here?
(R. 547-48). The VE affirmed that such a condition would rule out the hypothetical claimant's past work, as well as any other jobs. (R. 548).

[4] Dr. Rana treated Beamer while she was hospitalized for three days in December, 2004, at Twin County Regional Hospital, following claims of intense depression. After Beamer was restarted on her medications, Dr. Rana found that Beamer's mood dramatically improved, she participated well in group activities and treatment, her mood was happy and full, her affect was bright, and her thought processes were logical and goal-directed. (R. 226-32).

6

whole and thus, is not entitled to great weight. See Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996) (finding that a treating physician's opinion may be assigned little or no weight if it is conclusory and/or is not supported by objective testing or the record as a whole).

Not one of Beamer's treating physicians suggested that she should not work. Beamer's reported functional abilities likewise indicate that her alleged anxiousness and panic symptoms have minimal, if any, effect on her functional abilities.[5] The Magistrate Judge correctly concluded that there was substantial evidence to support the ALJ's determination that Beamer's mental difficulties cause only a moderate functional limitation and thus, do not prevent her from maintaining substantial gainful employment. 42 U.S.C. §§ 423, 1328(c); Heckler v. Campbell, 461 U.S. 458, 460 (1983). Accordingly, the ALJ did not err in discounting the VE's testimony in response to a question based on Beamer's subjective complaints.

The Plaintiff's final objection is that the Commissioner erred in finding that Beamer's obesity does not prevent her from doing her past relevant work as a flagger. Although obesity is no longer a listed impairment in 20 C.F.R., Subpart P, Appendix 1, it still is considered a "medically determinable impairment," and its effects are to be considered when evaluating disability, such as when evaluating the severity of an individual's impairments. SSR 02-01p, 2000 WL 628049, at *3.

The Magistrate Judge correctly noted that the ALJ considered Beamer's obesity in determining that she retained the residual functional capacity to do work only at the light

---

[5] In Beamer's self-assessment, she reported that she has house guests or goes to visit friends once or twice a week; she visits neighbors across the fence; she drives herself places and occasionally takes her neighbors to their doctors' appointments and runs errands for them; she goes shopping once or twice a week for groceries, clothing, and cleaning supplies; and she manages her personal finances. (R. 105-06, 121, 124-26).

7

exertional level, and specifically, that she could return to her past work as a flagger. The ALJ noted that Beamer's reported daily activities, including visits with friends, running errands, shopping, gardening, and completing various household chores, indicate that her obesity does not substantially limit her functional abilities. Accordingly, the Magistrate Judge correctly determined that there was substantial evidence to support the ALJ's finding that Beamer's obesity does not preclude her from retaining the residual functional capacity to do work at the light exertional level or from returning to her past work as a flagger.

For the reasons stated above, the Magistrate Judge's Report and Recommendation shall be accepted and the final decision of the Commissioner shall be affirmed.

ENTER: This 27th day of Sept, 2007.

*[signature]*
Senior United States District Judge

8